IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TERRY DALE BRANDON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:14-CV-0110 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner TERRY DALE BRANDON has filed with this Court a petition for a writ of habeas corpus challenging the denial of his release to mandatory supervision following his 1989 Tarrant County convictions for involuntary manslaughter and possession of amphetamine. Between September 2014 and March 2016 the Court granted petitioner nine (9) continuances to allow him an opportunity to exhaust his state court remedies. On June 9, 2016 petitioner's tenth motion for continuance was denied and respondent was ordered to file an answer. After the Court granted two continuances to respondent, she filed a Motion to Dismiss petitioner's habeas application on October 11, 2016 and argued petitioner BRANDON had been released to mandatory supervision and his request for release was therefore moot.[1]

Following receipt of respondent's Motion to Dismiss, the Court issued an Order directing petitioner to respond. Petitioner filed his response to that Order on November 22, 2016.

---

[1] On October 3, 2016, petitioner filed a change of address notice with the clerk which supports respondent's position that petitioner has in fact been released. [ Dkt. 43].

Petitioner did not dispute the Director's position that he had been released and that his claims were moot but instead re-urged his claims and requested to be, "compensated for the 1,249 days he was falsely imprisoned in excess of April 21, 2013." [Dkt. 49 at 3].

To the extent petitioner requests release from prison by his claims, those claims, as set out by respondent in her Motion to Dismiss, are mooted by petitioner's release and petitioner's federal habeas application should be dismissed. To the extent petitioner requests compensation for time he alleges he was falsely imprisoned, the Court notes this claim is not cognizable in a habeas corpus proceeding. To the extent such a claim is actionable, it would have to be pursued either in state court or in a federal civil rights lawsuit pursuant to 42 U.S.C. § 1983. The Court is not suggesting any such suit would be successful since it would raise questions of sovereign and/or qualified immunity as well as other such defenses.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that Respondent's Motion to Dismiss as Moot be GRANTED and the petition of a writ of habeas corpus filed by petitioner TERRY DALE BRANDON be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED this 15th day of February, 2017.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).